UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Steve Ferguson,                              :
                                             :
        Plaintiff,                           :
    v.                                       :         Civil Action No. 04-2289 (CKK)
                                             :
Christie, *et al.*,                          :
                                             :
        Defendants.                          :

MEMORANDUM OPINION

In this action brought under the Alien Tort Claims Act, 28 U.S.C. § 1350, plaintiff, a citizen of the Bahamas, accuses the Prime Minister of the Bahamas and other Bahamian officials of violating international law, negligence, and abandonment. Complaint at 1. Specifically, he alleges that defendants "deprived [him] of the 'full protection' of the Consulate in failing to advance the issue that Plaintiff's rights were violated under the Vienna Convention" and to "protest the fact that Plaintiff . . . is imprisoned in violation of the Vienna Convention. . . despite repeated request[s] for assistance. . . ." *Id* at 2. Plaintiff demands $5 million in damages. Defendants move to dismiss the complaint on the grounds of immunity and failure to state a claim upon which relief may be granted. Upon consideration of the parties' submissions and the entire record, the Court finds that defendants are immune from this lawsuit and therefore grants the motion to dismiss.

Plaintiff's claim is based on Article 36(1)(b)-(c) of the Vienna Convention, which provides as follows:

> (b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending

> trial or is detained in any other manner. . . . The said authorities shall inform the person concerned without delay of his rights under his sub-paragraph[.]
> (c) consular officers shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation. They shall also have the right to visit any national of the sending State who is in prison, custody or detention in their district in pursuance of a judgment. Nevertheless, consular officers shall refrain from taking action on behalf of a national who is in prison, custody or detention if he expressly opposes such action.

Multilateral Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 36, Dec. 14, 1969, 21 U.S.T. 77. The allegations present, at best, a claim against the individual defendants in their official capacities. "[A]n official-capacity claim against a government official is in substance a claim against the government itself. . . . By definition, a damages judgment in an official-capacity suit is enforceable against the state itself (and only against the state). *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1034 (D.C. Cir. 2004) (citation omitted). Pursuant to the Federal Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, a foreign state is immune from this Court's jurisdiction with certain exceptions set forth at 28 U.S.C. § 1605. When, as here, the Court's subject matter jurisdiction is questioned, plaintiff has the burden of establishing federal jurisdiction. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements.").

> Plaintiff invokes § 1605(a)(5) of the FSIA, which permits a lawsuit for
>> money damages . . . against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official . . . of that foreign state while acting within the scope of his office or employment; except [that] this paragraph shall not apply to (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused.

28 U.S.C. § 1605(a)(5). Plaintiff does not identify a specific injury in either the complaint or the opposition to the pending motion. In his surreply, plaintiff asserts that he "can discern no greater

injury than being "deprive[d] of his liberty without due process of law." Plaintiff's Supplemental Response to Defendants' Motion to Dismiss ("Pltf's Surreply") at 2 . Plaintiff's alleged injury does not appear to be the type of personal injury contemplated by the statute. *See MacArthur Area Citizens Association v. Republic of Peru*, 809 F.2d 918, 921 (D.C. Cir. 1987) ("It has repeatedly been recognized that, although cast in general terms, the 'tortious act' exception was designed primarily to remove immunity for cases arising from traffic accidents.") (citations omitted). In any event, the alleged injury arises not from the acts of the Bahamian government but instead from those of the United States government in obtaining plaintiff's apparent conviction. Plaintiff is a prisoner incarcerated at the Jesup Federal Correctional Institution in Jesup, Georgia. He alleges that his "indictment was [not] returned in open court . . . nor does [it] list[s] Plaintiff by his true and given name." Pltf's Surreply at 3. To the extent that plaintiff seeks to redress this claim or any other claim arising from his judgment of conviction, he must do so in the sentencing court pursuant to 28 U.S.C. § 2255.[1]

For the preceding reasons, the Court concludes that plaintiff has not established a basis for conferring jurisdiction under the FSIA. Defendants' motion to dismiss therefore will be granted. A separate Order accompanies this Memorandum Opinion.

```
                                    _____s/_____
                                    COLLEEN KOLLAR-KOTELLY
Date: October 12, 2005              United States District Judge
```

---

[1] At least one judge of this Court has determined that the "failure to inform [a] defendant of a right to consular notification does not implicate a constitutional right." *U.S. v. Ruiz Guiterrez*, 2005 WL 1115952 *1 (D.D.C., May 11, 2005) (citing cases). Moreover, while the Vienna Convention provides a right of access for consular officers, *see supra* at 2, it does not mandate their assistance. Thus, even if plaintiff had established a tortious injury, the Court would lack jurisdiction because the contention that Bahamian authorities should have assisted plaintiff in some way during his criminal proceedings is based on a discretionary function excepted from the tortious activity exception. *See Maalouf v. The Swiss Confederation*, 208 F. Supp.2d 31, 35-6 (D.D.C. 2002) (discussing "two-step process for identifying a discretionary function," including decisions "grounded in social, economic, and political policy.") (citations omitted); *cf with* 21 U.S.T. 77, Art. 5 (consular functions).